IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA CRENSHAW | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1861-O-BD |
| | § | |
| TRANSICARE, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Sandra Crenshaw, appearing *pro se*, against various mental health professionals and entities who allegedly played some role in having her involuntarily committed to Terrell State Hospital in 2008. On September 16, 2010, plaintiff tendered a five-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about her claims and the basis for federal subject matter jurisdiction. Although plaintiff answered some of the interrogatories on November 13, 2010, she asked for more time to respond to the other questions so she could "pull up a disc at the public library." The

court granted a continuance and ordered plaintiff to provide full and complete interrogatory answers by November 30, 2010. Plaintiff was warned that "this case may be dismissed without further notice if she fails to file verified answers to the [interrogatories] within the time specified herein." *See* Order, 11/16/10 at 1, *citing* FED. R. CIV. P. 41(b). Instead of answering the interrogatories, plaintiff filed an amended complaint on November 22, 2010, changing her name to "S. Jonell," identifying 27 new defendants, and attaching copies of her medical records. To date, plaintiff still has not provided full and complete interrogatory answers, without which the court is unable to ascertain whether she has stated a claim for relief. For these reasons, summary dismissal is proper under 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher her complaint and partial interrogatory answers, plaintiff appears to seek redress in connection with her involuntary commitment at Terrell State Hospital in 2008. When asked to describe the underlying facts, plaintiff's only response was "medical professionals for North Star orchestrated a fraudulent process to obtain in patient services at $500 a day billed to taxpayer." (*See* Mag. J. Interrog. #1(b)). No other meaningful information is provided by plaintiff to support her claims, which she labels breach of contract, breach of fiduciary duty, fraud, conspiracy to defraud, illegal incarceration, and deviation from health care standards. (*See* Plf. Compl. at 1, ¶ 1).

III.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A

complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, her complaint and interrogatory answers are a "hodgepodge of incoherent ramblings" that have no discernable basis in fact or law. *See Malveaux v. Brice, Linden, Vander & Wernick, P.C.*, No. 3-10-CV-0128-L, op. at 2 (N.D. Tex. Jun. 29, 2010). Although the court propounded written interrogatories to plaintiff in an attempt to obtain additional information about the factual basis of this suit, she has failed to provide meaningful interrogatory answers. Dismissal is clearly warranted under these circumstances. *See Perales v. Hedrick*, No. 3-01-CV-2634-L, 2002 WL 172592 at *2 (N.D. Tex. Jan. 31, 2002), *appeal dism'd*, No. 02-10218 (5th Cir. May 17, 2002) (summarily dismissing *pro se* complaint that failed to present a logical set of facts to support any claim for relief).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE